UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THE HEMINGWAYS CONDOMINIUM ASSOCIATION, INC., <br><br>　　　　　　　Plaintiff, <br><br>　v. <br><br>SAVELLO, L.L.C., <br><br>　　　　　　　Defendant. | Case No. 19-CV-0414-SRB-WJE <br><br>**REPORT AND RECOMMENDATIONS** |

　　　　Pending before the Court is Plaintiff The Hemingways Condominium Association, Inc.'s Motion to Remand to State Court, and suggestions in support thereof. (Doc. 7).  Defendant Savello, L.L.C. has filed suggestions in opposition to the motion (Doc. 11), to which Plaintiff filed a reply. (Doc. 14).  Also pending before the Court is Defendant's Motion to Amend/Correct Answer, Counterclaim, and Notice of Removal. (Doc. 12).  Plaintiff filed suggestions opposing this motion. (Doc. 16).  Both motions are now ripe for consideration.  It is recommended Defendant's motion to amend (Doc. 12) be granted and subsequently Plaintiff's motion to remand (Doc. 7) be denied.

### I. BACKGROUND

　　　　This case arises from a dispute regarding condominium association expenses. (Doc. 1-3). Plaintiff initially filed its complaint in Idaho state court in September 2019. *Id.*  Approximately one month later, Defendant removed the case to federal court based on diversity jurisdiction. (Doc. 1).  Plaintiff subsequently challenged the removal through its motion to remand. (Doc. 7).  In response, Defendant not only submitted opposition briefing (Doc. 11), but also filed a motion to amend the notice of removal, answer, and counterclaim. (Doc. 12).

### II. DISCUSSION

　　　　Plaintiff argues Defendant has not met the requirements of 28 U.S.C. § 1332 for diversity jurisdiction because (1) the notice of removal did not demonstrate diversity of citizenship; and (2) Defendant did not show the amount in controversy exceeded $75,000.  The Court examines each argument in turn.

A defendant may remove a claim filed in state court to federal court if such a claim "could have initially been brought in federal court." 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The federal court's basic diversity jurisdiction extends to 'all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . [c]itizens of different States.'" *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (quoting 28 U.S.C. § 1332(a)(1)). The removing party must demonstrate complete diversity among the parties, including the individual members of any partnerships or limited liability corporations. *Johnson*, 437 F.3d at 899 (explaining that, "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens"). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

**1) The Parties are Diverse.**

Plaintiff argues remand is necessary because the notice of removal included no information on the citizenship of several limited partners linked to Defendant. In response, Defendant essentially supplements the notice of removal in its brief to prove diversity of citizenship, and alternatively seeks to amend its pleadings.

A notice of removal that is defective in form may be amended by leave of the Court. 28 U.S.C. § 1653; *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 970–71 (9th Cir. 2002) ("[A] procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand of the matter to state court.") (quoting *Parrino v. FHP*, *Inc.*, 146 F.3d 699, 703 (9th Cir.1998)); *Kanter*, 265 F.3d at 858; *London v. Standard Oil Co. of California*, 417 F.2d 820, 822 (9th Cir. 1969).

Here, the Court recommends granting Defendant's motion to amend because, despite potential procedural issues with the original pleadings, the parties are in reality fully diverse. Defendant's original notice of removal stated that Plaintiff is a citizen of Idaho, while Defendant is an L.L.C. with its sole membership comprised of Monte Savello, a limited partnership in Georgia. (Doc. 12-1). Defendant did not expound on the citizenship of Monte Savello, L.P.'s individual partners until submitting its proposed amended pleadings and opposition briefing to the motion to remand: two partners are citizens of North Carolina and one is a citizen of California. *Id.* The parties therefore appear fully diverse in citizenship.

Moreover, Plaintiff has not offered evidence to contradict Defendant's amended showing of diverse citizenship. (Doc. 16).  Instead, it appears the crux of Plaintiff's arguments concern the form of the notice of removal.  As noted above, a procedurally defective notice of removal does not require remand, but instead may be cured through amendment.  *See Soliman*, 311 F.3d at 970–71.  Accordingly, Defendant's motion to amend should be granted.  As a consequence, the Court further recommends denying Plaintiff's motion to remand because Defendant's amended pleadings adequately demonstrate the parties' diversity of citizenship.

**2) The Instant Amount in Controversy Exceeds $75,000.**

Next, Plaintiff argues Defendant has not shown the amount in controversy exceeded $75,000 in part because Savello's estimate of attorneys' fees were too high.  Instead, Plaintiff claims Defendant should have adequately accounted for the possibility of a prompt settlement.  Plaintiff further contends Defendant's valuation of real property in controversy in this matter was conclusory, as the notice of removal simply stated the value of such property exceeded $75,000.  In response, Defendant argues its attorneys' fees were reasonable estimates and points to its affidavit outlining a range of fees based on the progression of the case.  Defendant also notes it filed documentation to place the valuation of the real property in controversy at approximately $1.5 million.

In the Ninth Circuit, a removing defendant must show "the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 795 (9th Cir. 2018). "In estimating future attorneys' fees, district courts may . . . rely on 'their own knowledge of customary rates and their experience concerning reasonable and proper fees.'" *Id.* (quoting *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

Here, the Court recommends finding Defendant has shown the amount in controversy exceeds $75,000.  It is undisputed that at least $44,152.67 is at issue in this case. (Docs. 1, 7).  Defendant estimates its attorneys' fees will fall between $51,345 and $71,820. (Doc. 1).  The Court believes Defendant's estimate is a reasonable assessment of future fees in this case.  Even taking Defendant's lower estimate of fees, the total case in controversy amounts to over $95,000 before including the value of real property at issue in this case. Defendant claims such property is valued at approximately $1.5 million. (Doc 11-1).  Defendant has therefore demonstrated the amount in controversy exceeds $75,000.

In sum, Defendant's amended pleadings demonstrate the parties' diversity of citizenship. Defendant has also shown the amount in controversy exceeds $75,000. The Court therefore recommends first granting Defendant's motion to amend (Doc. 12) and subsequently denying Plaintiff's motion to remand (Doc. 7).

### III. CONCLUSION

For the reasons above, Defendant's arguments to amend the notice of removal, answer, and counterclaim in this case are with merit, and the motion to amend should be granted. Moreover, Plaintiff's motion to remand should thereafter be denied.

Accordingly, IT IS THEREFORE RECOMMENDED that the Court, after making an independent review of the record and applicable law, first enter an order GRANTING Defendant Savello L.L.C.'s Motion to Amend/Correct Answer, Counterclaim, and Notice of Removal. (Doc. 12). It is further

RECOMMENDED that the Court, after making an independent review of the record and applicable law, subsequently enter an order DENYING Plaintiff The Hemingways Condominium Association, Inc.'s Motion to Remand to State Court (Doc. 7).

Counsel are reminded that each party has fourteen (14) days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in the Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

Dated this 14th day of January, 2020, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*
Willie J. Epps, Jr.
United States Magistrate Judge