UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THE HEMINGWAYS CONDOMINIUM ASSOCIATION, INC.,<br><br>               Plaintiff,<br><br>v.<br><br>SAVELLO, L.L.C.,<br><br>               Defendant. | Case No. 19-CV-0414-SRB-WJE<br><br>**REPORT AND RECOMMENDATIONS** |

Pending before the Court is Plaintiff Hemingways Condominium Association, Inc.'s Motion to Dismiss Count Two of Defendant's Counterclaim (Doc. 10), and memorandum in support (Doc. 10-1). Defendant Savello, L.L.C. filed a response in opposition (Doc. 13), to which Plaintiff has replied (Doc. 20). This matter is now ripe for consideration. For the reasons that follow, it is recommended the Court deny Plaintiff's motion to dismiss.

## I.    BACKGROUND

Plaintiff Hemingways Condominium Association, Inc. is the duly incorporated management body for the Hemingways Condominium project (Project) in Blaine County, Idaho. (Doc. 3-1). In January 2005, Defendant Savello, L.L.C. purchased all interests in Unit 7 of the Project. *Id.* At that time, Defendant entered into a Deed Restriction and Covenant Agreement (Covenant). *Id.* Under the terms of the Covenant, Defendant agreed to pay assessments levied by the Association relating to services provided for the benefit of unit owners. *Id.* Annual assessments were to be paid in quarterly installments, with delinquent assessments entering default if not paid within thirty days. *Id.*

After becoming concerned Plaintiff was levying improper assessments, Defendant demanded an accurate accounting of the budget and computation of assessments. (Doc. 4). Plaintiff refused to provide the accounting, and in early 2019 Defendant took action to withhold assessment payments. *Id.* Since February 1, 2019, Defendant has refused to pay a total of $44,153.67 in contested assessments. (Doc. 3-1).

On August 5, 2019, Plaintiff demanded payment be made within ten days. *Id.*  In response, Defendant mailed a letter challenging the basis for the unpaid assessments and threatening action for slander of title. (Doc. 4).  Subsequently, on September 23, 2019, Plaintiff recorded a Notice of Assessment Lien (Notice) against Unit 7 and, on September 24, 2019, commenced this action for foreclosure and breach of contract in state court. (Doc. 3-1).

Defendant removed this matter to federal court under a theory of diversity jurisdiction on October 24, 2019. (Doc. 1).  In an answer filed October 25, 2019, Defendant asserted counterclaims for slander of title and quiet title. (Doc. 4).  Defendant asserts that the Notice was improper and filed with the intent to harm Defendant. *Id.*

## II.   LEGAL STANDARD FOR MOTION TO DISMISS

For a claim to survive a motion to dismiss under rule 12(b)(6), it must "allege enough facts to state a claim to relief that is plausible on its face." *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017) (quoting *Turner v. City and Cty. of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015)).  The Court "take[s] all allegations of material facts as true and construe[s] them in the light most favorable to the nonmoving party." *Turner*, 788 F.3d, at 1210.  However, the pleadings must contain more than mere "conclusory allegations of law and unwarranted inferences." *Id.* (quoting *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

## III.   DISCUSSION

Plaintiff argues that the litigation privilege should extend to the Notice of Assessment Lien and bar Defendant's counterclaim for slander of title.  Because Idaho courts do not recognize such an extension, the Court recommends that Plaintiff's motion to dismiss be denied.

The litigation privilege is an absolute privilege against defamation actions arising from judicial proceedings. *Dickinson Frozen Goods, Inc. v. J.R. Simplot Co.*, 164 Idaho 669, 678 (2019) (quoting *Richeson v. Kessler*, 73 Idaho 548, 551-52 (1953)).  "'[P]redicated on the long-established principle that the efficient pursuit of justice requires that attorneys and litigants must be permitted to speak and write freely in the course of litigation,'" the Idaho Supreme Court has consistently applied the litigation privilege broadly. *Id.* at 678-79 (quoting *Taylor v. McNichols*, 149 Idaho 826, 836 (2010)).  As such, for the privilege to apply it is required that "(1) 'the defamatory statement

was made in the course of a proceeding' and (2) it 'had a reasonable relation to the cause of action of that proceeding.'" *Id.* (quoting *Weitz v. Green*, 148 Idaho 851, 862 (2010)).

In *Weitz v. Green*, the Supreme Court found that the litigation privilege protected parties in a claim for slander of title where the alleged slander was contained in an amended complaint. 148 Idaho 851, 862-63 (2010). However, Idaho courts have yet to extend the privilege to assessment liens.[1] Moreover, the Court rejects Plaintiff's attempt to analogize a lien, which can exist independent of litigation, with a complaint that is necessitated by litigation. While the Notice was an appropriate step before initiating foreclosure, those proceedings were by no means required. *See* IDAHO CODE § 55-1518. Instead, Plaintiff was free to leave the allegedly malicious lien in place until Defendant brought their own action to quiet title, wrongfully encumbering Unit 7 for up to two years. *Id.*

Furthermore, applying the litigation privilege here would require altering Idaho common law. An extension of the litigation privilege risks opening the door to immunity for future malicious liens, weakening slander of title claims for putative plaintiffs. Meanwhile, the malice requirement in slander of title claims already provides significant protection to potential lienholders. *Weitz*, 148 Idaho at 862 ("'Slander of title requires proof of four elements: (1) publication of a slanderous statement; (2) its falsity; (3) *malice*; and (4) resulting special damages.'" (quoting *Porter v. Bassett*, 146 Idaho 399, 405 (2008))) (emphasis added); *see Kurtz v. Hubbard*, 973 N.E.2d 924, 930-31 (Ill. App. Ct. 2012) ("Therefore, implicit in the requirement that malice must be shown in an action for disparagement of title based on the recording of a lien is the existence of a qualified privilege for the statements made in the lien."). Accordingly, the Court leaves the choice of eliminating or further weakening the slander of title cause of action for Idaho courts to address in the future.

As such, the Court declines to extend the litigation privilege to the facts of this case. Therefore, it is recommended that Plaintiff's motion to dismiss be denied.

---

[1] The Court notes that other states have considered this same application of the litigation privilege and reached differing results. For example, California courts have extended the litigation privilege to assessment liens as they are required by law in order to pursue foreclosure proceedings. *E.g.*, *Wilton v. Mountain Wood Homeowners Ass'n*, 18 Cal. App. 4th 565, 569 (1993); *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 347 (1997). More recently, Illinois courts have rejected the absolute privilege for assessment liens. *See Kurtz v. Hubbard*, 973 N.E.2d 924, 930-31 (Ill. App. Ct. 2012). Comparing the recording of a lien to a *lis pendens* notice, the *Kurtz* court noted that a lien is not dependent on any underlying litigation and can exist separately from any potential litigation. *Id.* at 929-30. The Illinois court went on to recognize that assessment liens are already subject to a qualified privilege, which can only be overcome through a showing of malice. *Id.* at 930-31.

## IV.     CONCLUSION

The Court finds Plaintiff pled a prima facie case for slander of title and, under the facts alleged, the litigation privilege does not extend to the Notice of Assessment Lien.

Accordingly, IT IS THEREFORE RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order DENYING Plaintiff's Motion to Dismiss Count Two of Defendant's Counterclaim.

Counsel are reminded that each party has fourteen (14) days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections.  A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in the Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

Dated this 15th day of January, 2020, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
United States Magistrate Judge